**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WESTFALL TOWNSHIP,

    Plaintiff,

       v.

DARWIN NATIONAL ASSURANCE
COMPANY and ALLIED WORLD
ASSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO. 14-CV-1654

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff Westfall Township's Motion to Remand this matter to the Pike County Court of Common Pleas (Doc. 9).  Also before the Court is a Motion to Dismiss Counts I and III of the Complaint filed by Defendants Allied World Assurance Company ("Allied") and Darwin National Assurance Company ("Darwin") (Doc. 15).  Because Defendants have properly stated diversity of citizenship and remand to state court would not serve the interests of the Declaratory Judgment Act, 28 U.S.C. § 2201, or diversity jurisdiction as set out by 28 U.S.C. § 1332, the motion to remand will be *denied*.  Because the claim for declaratory relief serves no purpose, the Motion to Dismiss Count I of the Complaint will be *granted*.  Because a plaintiff may include a claim on the basis of estoppel in Pennsylvania so long as it does not stand alone, the Motion to Dismiss Count III of the Complaint will be *denied*.

## I. Background

This claim arises out of a lawsuit brought against Westfall Township ("Westfall") by a former employee, Robert Dombrosky.  Defendant Darwin issued a Public Officials Professional and Employment Practices Liability Insurance Policy ("the insurance policy") to Westfall. (Doc. 2, 2.)  Defendant Allied administered this policy for Darwin. (Id. at 3.)

Mr. Dombrosky filed the underlying civil rights action for monetary damages because the town did not reinstate him as a police officer following a leave of absence. (Id.) The underlying litigation took place in this court: *Dombrosky v. Banach,* No. 3:09-CV-2579, 2012

WL 1899656 (M.D. Pa. May 24, 2012) *aff'd*, 557 F. App'x 107 (3d Cir. 2014).  Defendants undertook the defense of the claims against Westfall pursuant to the insurance policy, and continued to do so throughout the litigation from 2010 to 2012.  (Doc. 2, 3.)  On August 21, 2012, Defendants disclaimed coverage under the insurance policy.  (Id.)  On September 14, 2012, I entered an order dismissing the lawsuit with prejudice because the matter was settled.  Plaintiff alleges that as a result of the improper denial of coverage, it was in a prejudiced position, and so was "forced to enter" into this settlement with Mr. Dombrosky for payments to him totaling $702,800.  (Id. at 4.)  Defendants assert that they rightfully disclaimed coverage when they discovered that Mr. Dombrosky first made this claim prior to the insurance policy's inception, thus negating any liability on their part.

On August 8, 2014, Westfall commenced this action by filing a Complaint "for Declaratory and Compensatory Relief" in the Court of Common Pleas of Pike County (Doc. 2; *Notice of Removal, Ex. A*).  Westfall alleges that the disclaimer of coverage by Defendants was "wanton, willful, wrongful and reckless." (Id. at 4.) Westfall alleges that the defendants were required to provide indemnity to Westfall in connection with the claims of Mr. Dombrosky, and the failure to do so resulted in harm to Westfall.  (Id.)

Plaintiff claims that Defendants breached their obligations under the insurance policy by disclaiming coverage.  Plaintiff alleges that Defendants are estopped from denying coverage, they received timely notice of Mr. Dombrosky's claims, and were not prejudiced by any alleged late notice.  Count I of the Complaint requests declaratory relief: a declaration that Plaintiff was entitled to coverage under the Policy for all claims of Mr. Dombrosky.  Counts II, III and IV–brought under theories of breach of contract, estoppel and bad faith, respectively–seek reimbursement of the money paid to Mr. Dombrosky in the settlement, and all other money spent in the settlement after the disclaimer of coverage.

On August 25, 2014, the defendants, Allied and Darwin, filed a Notice of Removal (Doc. 1), removing this case to United States District Court for the Middle District of Pennsylvania, based upon diversity of citizenship. On September 19, Plaintiff Westfall filed a Motion to Remand this matter to the Pike County Court of Common Pleas, pursuant to

28 U.S.C. § 1447.  On October 3, Defendants filed a Response to this motion (Doc. 17), and a Brief in Opposition (Doc. 18).

On October 2, 2014, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted (Doc. 15).  On October 24, Plaintiff filed a Response (Doc. 23) and a Brief in Opposition (Doc. 22) to Defendants' Motion to Dismiss.  On November 7, Defendants filed a Reply Brief in further support of the motion to dismiss (Doc. 24).  These matters are fully briefed and ripe for disposition.

## II. Plaintiff's Motion to Remand

As it poses a question of jurisdiction, I first examine Plaintiff's Motion to Remand (Doc. 9).  Defendants removed this case from the Court of Common Pleas in Pike County to the Middle District of Pennsylvania, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  There must be complete diversity, meaning that all defendants must be a citizen of a different state from all plaintiffs.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

### A.      Diversity of Citizenship

Plaintiff argues that removal to district court was improper, "as the defendants' Notice of Removal lacks the requisites necessary to establish diversity of citizenship."  (Doc. 13, 11.)  "A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Supreme Court has interpreted the term "principle place of business" to refer to a corporation's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).

Plaintiff argues that Defendants did not demonstrate citizenship because the Notice of Removal (Doc. 1) states where the defendants are incorporated, but does not use the term "nerve center."  (Doc. 13, 13.)  Plaintiff's argument is unfounded.  Defendants state

not only that the two companies, Darwin and Allied, are incorporated in Delaware, but also that New York is the principal place of business for both.  This averment is sufficient to establish that the corporations are citizens of New York.  Defendants need not use the specific term "nerve center."  The citizenship of Westfall Township is not disputed: it is a town in Pennsylvania so is considered a citizen of Pennsylvania.  Thus, complete diversity of citizenship exists in this matter, and diversity jurisdiction is appropriate.

### B.  Declaratory Judgment

Plaintiff's main argument for remand is that because this is a declaratory judgment matter, I should exercise the discretion to decline jurisdiction and remand the case to state court.  Declaratory judgment matters are an exception to the general rule that district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).   "The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action."  *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 630–31 (W.D. Pa. 2002).  The Declaratory Judgment Act states that:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.  28 U.S.C. § 2201(a) (emphasis added).

"District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)).   In their Brief in Opposition to the Motion to Remand, Defendants argue that because the underlying case has been settled, this action does not fall within the purview of the Declaratory Judgment Act, because a declaratory judgment is meant to determine "the insurers' responsibilities *before or during* the pendency of the underlying action."  (Doc. 18, 2 (emphasis added by

Defendants, quoting *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1220 (3d Cir. 1989))).[1]  However, more recently, the Third Circuit Court of Appeals ("Third Circuit") has deemed that the Declaratory Judgment Act applies in some cases where a party seeks a declaration in an insurance matter after the underlying litigation has concluded.  *See Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 136 (3d Cir. 2014).  Thus, this case does fall under the purview of the Declaratory Judgment Act.

The current action is a "mixed claim," seeking declaratory and also other relief.  The power to decline jurisdiction in such a matter has not been addressed by the Third Circuit or the Supreme Court.  *Perelman v. Perelman*, 688 F. Supp. 2d 367, 374 (E.D. Pa. 2010). *See also Reifer,* 751 F.3d 129, n.5 (noting "We have never ruled on the legal standard a district court must apply when addressing whether it may decline jurisdiction when both declaratory and legal relief are claimed . . . . [w]e need not, however, resolve this issue.")

Among district courts, "[t]here is no resounding majority view, and no simple compromise between the duty to exercise jurisdiction over coercive claims, and the discretion to exercise jurisdiction over declaratory claims." *Columbia Gas v. Am. Int'l Group*, 2011 WL 294520 (W.D. Pa. Jan. 27, 2011).  Moreover, the Circuits that have considered the matter are "sharply divided." *Perelman*, 688 F. Supp. 2d at 374.

In prior cases, I have used the "heart of the action" test, following *Perelman.  See Hartford Ins. Co. of the Se. v. John J.*, 848 F. Supp. 2d 506, 511 (M.D. Pa. 2012).  Under this test, a court looks to whether the nucleus of an action is declaratory, and will exercise discretion as to both claims if it is declaratory.  *Perelman*, 688 F. Supp. 2d at 374.  To determine the "heart of the matter," courts consider whether the other claims hinge on the declaratory one. *Id.* (citations omitted).

However, in this case, it is not determinative whether the action is at its heart a

---

[1]   The other case that defendants cite for the proposition that a declaratory remedy is "by definition prospective in nature" is not in the insurance context; rather, that remark was in reference to a plaintiff who sought a declaration about a city ordinance that had since been overturned.  *CMR D. N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013).

declaratory judgment action, as even were it construed as one, this would not be an appropriate instance to exercise my discretion to decline jurisdiction.

In determining whether to decline jurisdiction in a Declaratory Judgment matter, the Third Circuit has framed the crucial question as "whether the controversy may 'better be settled' in the state court. . ." *Atl. Mut. Ins. Co. v. Gula*, 84 Fed.Appx. 173, 174 (3d Cir. 2003) (citing *United States v. Pennsylvania Dep't of Envtl. Resources*, 923 F.2d 1071, 1075 (3d Cir. 1991)).  To further guide the analysis, the Third Circuit has provided three factors to consider when a district court judge is deciding whether to exercise discretion and decline jurisdiction over a declaratory judgment action "involving insurance coverage issues." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).  These are:

> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation. *Id.* (citing *United States v. Pennsylvania Dep't of Envtl. Resources* at 1075–76).

None of these factors are implicated in this case.  There are no pending issues in state court.  Thus, there is no conflict of interest between the insurer's duty to defend in state court and its potential arguments in federal court, and there is no concern about duplicative litigation.  There is no pending parallel state proceeding, and this "militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Reifer,* 751 F.3d 129, 144.  Although it does implicate primarily issues of state law, there is no indication that this controversy would be better settled in state court.

Importantly, the underlying action in this case–the conflict between Mr. Dombrosky and Westfall township–was litigated in federal court, also before me.  Thus, the same factors that often animate the decision to decline jurisdiction–judicial efficiency, convenience, avoidance of redundance and interference with state court proceedings–weigh heavily in favor of exercising jurisdiction in this case.

## III. Motion to Dismiss

Defendants moved to dismiss with prejudice Counts I and III of Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15).  Count I requests declaratory relief that Defendants are liable to Westfall for the claims of Robert A. Dombrosky.  Count III requests that this court find that Defendants cannot disclaim coverage under the Policy under a theory of estoppel.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering such a motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims.  See *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail. *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Detailed factual allegations are not required.  *Twombly*, 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts.  *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662,(2009).  As such, "[t]he touchstone of the pleading standard is plausibility."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1)

identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B. Discussion**

**1. Count I: Declaratory Relief**

Defendants argue that Plaintiff's claim for declaratory relief should be dismissed because it is moot and duplicative: "the *Dombrosky* lawsuit is over and there are no continuing claims that have been or could be made under the claims-made policy at issue." (Doc. 15-2, 5.)   Defendants argue that where "the underlying litigation has long since resolved and any alleged damages have already accrued, the prospective remedy of declaratory relief serves no legal purpose," furthermore, that "the declaratory judgment count is duplicative of the breach of contract count."   (*Id.*)

As discussed above in analyzing the Motion to Remand, whether to decide a claim for declaratory relief is at the discretion of trial judge.   Plaintiff's Motion to Remand asked that I decline to exercise that jurisdiction and in doing so, remand the case back to state court.   In contrast, in the Motion to Dismiss, Defendants ask that I exercise that jurisdiction to dismiss Count I of the Complaint, which contains the request for declaratory relief pursuant to 28 U.S.C. § 2201.

Under the Declaratory Judgment Act, a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (quoting 28 U.S.C. § 2201(a) (emphasis added in the Supreme Court decision)).   The Supreme Court has held that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id*. at 287 (internal quotations omitted) (citations omitted).   As discussed above, the fact that the underlying litigation has ended does not in itself mean that a declaratory judgment is improper, and so I will not dismiss it on those grounds.   *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 136 (3d Cir. 2014).

More important is whether a declaratory judgment will serve any purpose in this instance beyond the breach of contract claim.

> A federal court has discretion to entertain a declaratory judgment action when it finds that the declaratory relief sought "(i) will serve a useful purpose in clarifying and settling the legal relations in issue; and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *James ex rel. James v. Richman*, 465 F. Supp. 2d 395, 408 (M.D. Pa. 2006) *aff'd sub nom. James v. Richman*, 547 F.3d 214 (3d Cir. 2008) (citing *CGU Life Ins. Co. of Am. v. Metro. Mortgage & Secs. Co.*, 131 F. Supp. 2d 670, 674 (E.D. Pa. 2001)).

Thus, the question is whether, taking all facts in a light most favorable to the plaintiff, Plaintiff has stated a declaratory relief claim that will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

Examining the record in a light most favorable to the plaintiff, the claim for declaratory relief serves no useful purpose that will not be served by the other claims, particularly, the claim for breach of contract. In a situation such as this one, declaring the rights of the parties would be exactly the same as determining whether there was a breach of contract, thus, a declaratory judgment would be entirely duplicative. The "legal relations at issue" are at the very center of this action, and addressing the Complaint's Counts II, III, and IV will clarify and settle these issues. There is no longer any uncertainty or insecurity surrounding the underlying proceeding, as it has ended. While there may be instances when it is appropriate to issue a declaratory judgment after the conclusion of the underlying dispute, here it would serve no purpose and only further complicate the issue.

While a party may plead alternative statements of a claim, a district judge may dismiss a claim for declaratory relief if it is duplicative of a contract or other claim. *See, e.g., Nova Fin. Holdings, Inc. v. Bancinsuee, Inc.*, No. 11-07840, 2012 WL 1322932, at *4 (E.D. Pa. April 17, 2012). Here, the Complaint does not establish that the declaratory relief claim is distinct from the breach of contract claim. Because a declaratory judgment would not serve any purpose, I exercise my discretion to decline to issue a declaratory judgment. Defendants' motion to dismiss Count I of the Plaintiff's complaint is granted.

**2. Count III: Estoppel**

Defendants argue that Plaintiff's claim for relief based on a theory of estoppel, Count III, should be dismissed because there is no cause of action for estoppel under Pennsylvania law.  (Doc. 15-2, 6.)  However, while estoppel may not create a cause of action at law on its own, where a plaintiff shows a separate cause of action to which it may be applied, an estoppel claim may stand.  *Cerino v. Towamensing Twp.*, 2009 WL 3241663, at *10 (M.D. Pa. Oct. 2, 2009) (citing *Cmwlth. Dep't of Pub. Welfare v. Sch. Dist.*, 49 Pa. Cmwlth. 316, 410 A.2d 1311, 1314 (1980)).  Estoppel is a defense that cannot stand alone as a plaintiff's claim, but a plaintiff is allowed to include in its complaint such a defense for purposes of pleadings.  *See, e.g., Edison Learning, Inc. v. Sch. Dist. of Philadelphia*, 2014 WL 5347364, at *7 (E.D. Pa. Oct. 21, 2014).  Plaintiff's breach of contract and bad faith claims, which Defendants have not challenged, permit Plaintiff's claim for estoppel to proceed.  In the Motion to Dismiss, Defendants do not allege that the claim for estoppel should be dismissed for any deficiency in the pleadings beyond that there is no independent claim for estoppel under Pennsylvania law.

## IV. Conclusion

For the above reasons, the Motion to Remand (Doc. 9) will be denied.  The Motion to Dismiss (Doc. 15) will be granted with respect to Count I, Declaratory Relief, but denied with respect to Count III, Estoppel.

An appropriate order follows.

Januart 7, 2015
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

11